1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   THERESA M. SCHOENBART,

11          Plaintiff,                              No. C 16-00070 WHA

12     v.

13   U.S. BANK NATIONAL ASSOCIATION,               **ORDER:  (1) GRANTING**
     as Trustee for LSF9 Master Participation      **MOTION TO DISMISS,**
14   Trust; QUALITY LOAN SERVICE                    **AND (2) GRANTING MOTION**
     CORPORATION; CALIBER HOME                      **FOR ENTRY OF JUDGMENT**
15   LOANS, INC.; and DOES 1–20,

16          Defendants.

17   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯/

18                               **INTRODUCTION**

19          In this foreclosure dispute, defendants move to dismiss plaintiff's first amended

20   complaint, and a former defendant moves for entry of final judgment.  Although the Court was

21   at first inclined to sustain the complaint in part, the oral argument persuaded the Court to the

22   contrary and defendants' motion to dismiss is **GRANTED**.  The former defendant's motion for

23   entry of final judgment is also **GRANTED**.

24                                **STATEMENT**

25          Plaintiff Theresa Schoenbart owns real property located in Lafayette, California, and has

26   lived rent-free in the house since 2008 without paying on her home loan.  Here are the details.

27   In December 2007, Schoenbart obtained a $1.2 million loan from Washington Mutual Bank,

28   F.A. (WAMU) secured by a deed of trust in Schoenbart's property.  The deed of trust identified

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   WAMU as the lender and beneficiary and California Reconveyance Company (CRC) as the

2   trustee.  Schoenbart alleges that WAMU transferred her loan to the WAMU Securitized Trust

3   that month, which then sold the loan to an unidentified third-party investment trust.  No specific

4   facts have been alleged to back up this allegation.  At the hearing on defendants' motion to

5   dismiss, Schoenbart's counsel conceded that this allegation was based solely on WAMU's

6   "business model" of securitization.

7        Once WAMU collapsed, several known convoluted transactions ensued.  In September

8   2008, the Federal Deposit Insurance Company put WAMU into receivership.  Although not

9   alleged in the complaint, this order takes judicial notice of the fact that the FDIC immediately

10  sold WAMU's assets to former defendant JPMorgan Chase & Co., which assumed WAMU's

11  banking operations and loan portfolio.  In May 2009, CRC purported to execute and record a

12  notice of default.  In August 2014, Chase, acting as attorney-in-fact for the FDIC, recorded an

13  assignment of the deed of trust, thereby assigning Schoenbart's loan to itself.  Chase in turn

14  recorded a second assignment of the deed of trust in May 2015, assigning the loan to defendant

15  U.S. Bank, N.A., as Trustee for the LSF9 Master Participation Trust.  In October 2015,

16  defendant Caliber Home Loans, Inc., acting as attorney-in-fact for U.S. Bank, executed a

17  substitution of trustee which purported to substitute defendant Quality Loan Service

18  Corporation as trustee for Schoenbart's deed of trust.  Quality subsequently executed and

19  recorded a notice of trustee's sale, claiming Schoenbart owed $1.7 million.

20       Schoenbart essentially speculates that because WAMU had a business model of

21  securitization, WAMU must have securitized and sold her loan to a third-party investment trust

22  in 2007 (à la "The Big Short").  Schoenbart claims, based solely on WAMU's business model,

23  that the FDIC could not have acquired her loan when it put WAMU into receivership nine

24  months later.  Thus, she argues, Chase could not have acquired her loan when it assumed

25  WAMU's loan portfolio.  Rather, Schoenbart asserts that an unnamed and unknown third-party

26  investment trust must own the beneficial interest in her loan (and, for reasons only known to

27  itself, has taken no action all these years to collect on the loan).  As such, she argues that Chase,

28

as attorney-in-fact for the FDIC, had no interest in the deed of trust to assign to itself and that

all documents stemming from that invalid assignment are void.

Schoenbart initiated the instant action in state court in December 2015 against Chase,

Quality, and Caliber, who jointly removed it to federal court here in San Francisco on the basis

of diversity jurisdiction.  Chase and Caliber moved to dismiss.  A prior order granted Chase's

motion to dismiss and ordered Schoenbart to amend her complaint to add U.S. Bank as a

defendant (Dkt. No. 37).  Caliber was ordered to re-notice its motion to dismiss and did so

(Dkt. Nos. 38, 47).  Schoenbart filed a first amended complaint alleging claims for:  (1) breach

of contract; (2) cancellation of instruments; (3) violation of California Business and Professions

Code Section 17200; (4) violations of the California Homeowner Bill of Rights; and

(5) declaratory relief (Dkt. No. 43).  Defendants U.S. Bank and Caliber now move to dismiss

the complaint for failure to state a claim.  Former defendant Chase moves for entry of final

judgment as to the claims initially brought against it.  This order follows full briefing and oral

argument.

## ANALYSIS

### 1.    U.S. BANK AND CALIBER'S MOTION TO DISMISS.

To survive a motion to dismiss a complaint must contain sufficient factual matter,

accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  A claim is facially plausible when there are sufficient factual

allegations to draw a reasonable inference that the defendants are liable for the misconduct

alleged.  While a court "must take all of the factual allegations in the complaint as true," it is

"not bound to accept as true a legal conclusion couched as a factual allegation."  A complaint

offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action

will not do."  *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

At the hearing, the undersigned judge initially stated a view that some of Schoenbart's

claims should survive while others should not.  Schoenbart's counsel admitted at the hearing,

however, that the allegation regarding the 2007 sale of Schoenbart's loan was based on nothing

more than a business model, which counsel attributed to WAMU — a circumstance that had not

United States District Court

For the Northern District of California

3

been clear from the complaint.  This is too speculative and is insufficient to state a claim for

relief.

In *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), the plaintiff

alleged based on information and belief that the foreclosing entity did not have authority to

foreclose.  He did not assert any specific factual basis for his allegations.  *Gomes* held that "[n]o

case law or statute authorizes such a speculative suit."  *Id.* at 1156.

So too here.  Counsel conceded at the hearing that the allegation that WAMU sold

Schoenbart's loan in 2007 is based on nothing more than mere conjecture. WAMU's business

model of securitization involved the bundling of home loans into securities, which it then sold

on the secondary mortgage market.  Based on this general business model and nothing more,

Schoenbart alleges that her specific loan was bundled and sold in December 2007.  Schoenbart

offers no specific factual basis for the assertion that WAMU bundled and sold *her* specific loan.

Thus, she has not properly alleged that defendants lack the authority to foreclose.

Two things highlight the speculative nature of this allegation.  One is that *if* the loan had

been sold to some unknown investor, surely that investor would have surfaced and demanded

payment when Schoenbart defaulted eight years ago.  That no one has self-identified in these

circumstances is convincing that no such investor exists. (Had plaintiff alleged such a specific

investor, then the complaint would have been sustained.)  The other is that at the end of

WAMU's run, a large portfolio of loans remained in its possession — the very ones taken over

by the FDIC.  If the "business model" were as accurate and efficient as Schoenbart's counsel

supposes, no loans would have been left for the FDIC to seize.

Accordingly, U.S. Bank and Caliber's motion to dismiss is **GRANTED**.

**2.      CHASE'S MOTION FOR ENTRY OF FINAL JUDGMENT.**

A prior order dismissed former defendant Chase from our action without prejudice

after Chase showed that it is not involved in the current foreclosure on Schoenbart's home.

Chase now moves for entry of final judgment.  Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or
> when multiple parties are involved, the court may direct entry of a
> final judgment as to one or more, but fewer than all, claims or

**United States District Court**
For the Northern District of California

4

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

> parties only if the court expressly determines that there is no just reason for delay.

In determining whether final judgment should be entered under Rule 54(b), a district court must first determine whether there is a final judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). Here, Chase showed that it sold its interest in Schoenbart's loan in 2015 and is not involved in the foreclosure of her home. Following a hearing on Chase's motion to dismiss, the prior order dismissed Chase from the action (Dkt. No. 37). The order was a judgment in the sense that it determined Schoenbart had failed to state a claim against Chase. The order was also final in the sense that it disposed of all of Schoenbart's claims against Chase in this foreclosure dispute. Thus, the prior order was a final judgment under Rule 54(b).

After determining finality, the district court must decide whether there is any just reason for delay by considering "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 7–8. In our action, the administrative interests and equities are both served by entry of final judgment. Here, there is no risk of duplicative effort by the courts because Chase is not involved in any of Schoenbart's claims against U.S. Bank, Caliber, and Quality. Moreover, entry of final judgment as to Chase would not affect Schoenbart's claims against the remaining defendants. Chase has already shown that it sold whatever beneficial interest it might have had in Schoenbart's loan to U.S. Bank. As such, Chase is neither the lender nor the servicer on the loan. Because Chase is in no way involved in the current foreclosure on Schoenbart's home, there is no danger of piecemeal litigation. Additionally, entry of final judgment would "streamline the ensuing litigation" and free Chase from further unduly burdensome litigation. *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).

Schoenbart argues only that entry of final judgment could potentially prejudice her in the future, asserting that she might uncover wrongdoing by Chase once she conducts discovery. This argument fails. It would be inequitable to delay entry of final judgment because of the mere possibility that Schoenbart might later discover some new information implicating Chase.

5

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1    This order finds that there is no just reason for delay.  Accordingly, Chase's motion for

2  entry of final judgment is **GRANTED**.

3                                        **CONCLUSION**

4    For the reasons stated above, U.S. Bank and Caliber's motion to dismiss is **GRANTED**.

5  U.S. Bank and Caliber's request for judicial notice is **DENIED AS MOOT**.

6    Plaintiff will have until **JULY 29**, **2016**, **AT NOON**, to file a motion, noticed on the normal

7  35-day calendar, for leave to amend her claims.  A proposed second amended complaint must be

8  appended to the motion.  Plaintiff must plead her best case.  The motion should clearly explain

9  how the amended complaint cures the deficiencies identified herein.  If such a motion is not filed

10  by the deadline, the case will be closed.  Such a motion should be accompanied by a tender and

11  deposit of all loan payments due since the commencement of the action into the registry of the

12  district court, namely $56,000 (seven monthly payments of $8,000 each).  This is without

13  prejudice to a motion for further tender of the vast sums plaintiff should have been paying to

14  someone (but has not) over the last eight years.  This small measure of equity will be a

15  precondition to consideration of the equity Schoenbart seeks from this district court.

16    With respect to any future motion for summary judgment, possession of the original note

17  with the original-ink signature will be presumptive evidence that the note itself did get assigned.[*]

18    Chase's motion for entry of final judgment is **GRANTED**.  Final judgment as to the claims

19  against Chase will follow.

20

21    **IT IS SO ORDERED.**

22

23  Dated:   July 15, 2016.

    _____
     WILLIAM ALSUP
24  UNITED STATES DISTRICT JUDGE

25

26

27

28

    ─────────────

     [*] *See* Cal. Comm. Code §§ 3301, 3412.