United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA SCHOENBART,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as trustee for LSF9 Master Participation Trust, QUALITY LOAN SERVICE CORPORATION, CALIBER HOME LOANS, INC., and DOES 1–20,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C 16-00070 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DISMISSING ACTION** |

**INTRODUCTION**

In this foreclosure dispute, an order dismissed plaintiff's first amended complaint, but allowed plaintiff to seek leave to file a second amended complaint. For the reasons stated below, plaintiff's motion is **DENIED**.

**STATEMENT**

The history of this case has already been set forth in detail in a prior order (Dkt. No. 63). In brief, plaintiff Theresa Schoenbart obtained a $1.2 million loan from Washington Mutual Bank, F.A. ("WAMU") secured by a deed of trust in her property in Lafayette, California. Schoenbart has neither paid rent nor made any loan payments since 2008.

Defendant Quality Loan Service Corporation contends it became the trustee on the deed through an extended chain of recorded assignments and seeks to conduct a trustee's sale on Schoenbart's default following a prior assignee's notice of Schoenbart's default on her loan in

2009. The chain of assignments can be traced from Quality back to JPMorgan Chase & Co., which assumed WAMU's portfolio in 2008. Chase assumed that portfolio immediately from the Federal Deposit Insurance Company was appointed as a receiver after WAMU collapsed in 2008.

In her first amended complaint, Schoenbart alleged that before the FDIC received WAMU's portfolio, Schoenbart's loan "was transferred to Washington Mutual Mortgage Securities Corporation. The Note was then sold to an investment trust and WAMU ceased to be the Lender or Beneficiary under the Note or Deed of Trust after December 31, 2007" (First Amd. Compl. ¶ 13). Thus, Schoenbart contended Quality had no authority to execute a notice of trustee's sale on her home, because the chain of transmission starting with the FDIC and Chase allegedly never included Schoenbart's loan (*id.* ¶ 21).

A prior order granted defendants' motion to dismiss the first amended complaint because the only basis for asserting that WAMU securitized Schoenbart's loan was based on a "general business model and nothing more" (Dkt. No. 63 at 4). "Schoenbart offer[ed] no specific factual basis for the assertion that WAMU bundled and sold *her* specific loan" (*ibid.*). That order allowed Schoenbart to move for leave to file an amended complaint with a motion that "clearly explains how the amended complaint cures the deficiencies identified" (*id.* at 6). The order further required Schoenbart to deposit all loan payments that had come due since the commencement of this action in December 2015 (totaling $56,000), stating that "small measure of equity [would] be a precondition to consideration of the equity Schoenbart seeks from this district court" (*ibid.*).

Schoenbart now moves for leave to file a second amended complaint. The only new allegation in her proposed second amended complaint that purports to support the conclusion that WAMU securitized her loan is that it "securitized and sold [$]82,000,000,000.00 (82 billion dollars) of loans, which included Plaintiff's loan" (Proposed Second Amd. Compl. ¶ 13). Schoenbart alleges no facts pertaining to the securitization of her loan in particular. Schoenbart

also never tendered any amount of her loan payments.  This order follows full briefing and oral argument.

## ANALYSIS

Schoenbart has made no effort to cure the defects in her first amended complaint.  She relies entirely on background information about WAMU's securitization business and offers no factual allegations whatsoever to indicate that WAMU securitized *her loan in particular*.  The bare assertion that WAMU sold her loan is not entitled to the presumption of truth on a motion to dismiss.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Schoenbart's best point, raised for the first time in her reply brief, is that none of our defendants has come forward with the promissory note for her loan.  That allegation appears nowhere in her proposed second amended complaint, and our defendants have never had any obligation to come forward with the note at this stage.  Moreover, as stated in the prior order dismissing the first amended complaint (Dkt. No. 63 at 4):

> [I]f the loan had been sold to some unknown investor, surely that investor should have surfaced and demanded payment when Schoenbart defaulted eight years ago.  That no one has self-identified in these circumstances is convincing that no such investor exists.  (Had plaintiff alleged such a specific investor, then the complaint would have been sustained.)

Schoenbart has not alleged a specific investor.  The fact that no defendant has come forth with the note is insufficient to rescue Schoenbart's proposed amended complaint.

This order need not address Schoenbart's failure to tender a single cent of the outstanding loan payments that have accrued since she commenced this action, inasmuch as her complaint still fails to state a plausible claim for relief anyway.

## CONCLUSION

For the reasons stated above, Schoenbart's motion for leave to file a second amended complaint is **DENIED**, and the action is hereby **DISMISSED**.  Judgment will follow.

**IT IS SO ORDERED.**

Dated:  September 14, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3